UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD A. GUZZARDO** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-232** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

This litigation concerns Plaintiff Richard A. Guzzardo's ("Plaintiff") application for Disability Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court is Mr. Guzzardo's "Motion for Attorneys Fees Under the Equal Access to Justice Act."[1] Having considered the pending motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will grant the motion in part and deny in part.

Plaintiff filed this action on February 7, 2013, seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits and for Supplemental Security Income.[2] On July 9, 2013, the Government filed a "Consent Motion to Reverse and Remand."[3] The Government represented to the Court that it was unable to defend the case due to the lack of an evidentiary basis for the Administrative Law Judge's decision:

> In finding the claimant not disabled at step five, the ALJ [administrative law judge] relied on VE [vocational expert] testimony elicited at an August 2010 hearing held pursuant to the claimant's prior application for benefits (tr. 12, 18). There are many reasons this is problematic. The August 2010 hearing transcript is not in the record. The ALJ did not provide notice to the claimant that he planned to rely on the prior VE testimony. The ALJ did not provide the claimant an opportunity to cross-examine the VE. In fact, it is not clear whether the prior VE's testimony was based on the claimant's current RC [residual capacity] assessment. And while the claimant was a younger individual at the time of the prior hearing, he was closely approaching

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13.

advanced age at the time of the current hearing. Given the lack of an evidentiary basis for the ALJ's decision, we are unable to defend the case in district court.[4]

On July 10, 2013, the Court granted the "Consent Motion to Reverse and Remand" and entered a Judgment, "revers[ing] and remand[ing] under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for the purpose of conducting further proceedings."[5] On August 6, 2013, Plaintiff filed the pending "Motion for Attorney Fees," seeking "an award of $6,458.08 in EAJA [Equal Access to Justice Act] fees representing 34.8 hours of judicial time at $185.60 per hour."[6]

The Equal Access to Justice Act ("EAJA"), as amended by the Contract with America Advancement Act of 1996 ("CAAA"), provides that a court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[7] As the Supreme Court held in *Shalala v. Schaefer*,[8] a party in a Social Security case who obtains a remand under the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for the purposes of fees under the EAJA.[9]

---

[4] Rec. Doc. 13 at pp. 1–2.

[5] Rec. Doc. 15.

[6] Rec. Doc. 16.

[7] 28 U.S.C. § 2412(d)(1)(A).

[8] 509 U.S. 292 (1993).

[9] *Id.* ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description" of a prevailing party.); *see also Breaux v. U.S. Dep't of Helath and Human Serv.*, 20 F.3d 1324 (5th Cir. 1994) (per curiam) ("*Shalala v. Schaefer* holds that a party who obtains a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for the purposes of attorneys fees under the EAJA.").

The Government does not contest that Plaintiff is the prevailing party and is entitled to an award of EAJA fees. However, the Government "requests that this Court reduce the hourly rate to $160" and "submits that an award of $5,568 (34.8 hours at $160 per hour) is appropriate."[10]

Under the EAJA, "attorneys' fees shall not be award in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[11] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorneys' fees in a particular market.[12]

According to Plaintiff, a pay rate of $185.60 per hour is justified by the current cost of living in the "South urban region":

> [T]he 1996 Contract with America Advancement Act (CAAA) provides for increases in the $125 hourly rate as cost of living increases, and requested an hourly rate that is in line with the current cost of living, as reflect in the Consumer Price Index (CPI). At the time that the CAAA increased the hourly rate to $125.00, the CPI for the South urban region was $152.40, since which time the CPI for the South urban region has increased to $226.289 in May 2013, when Counsel performed the majority of the work on this case. When the increase in CPI is applied to the $125 EAJA rate from 1996, the adjusted hourly rate is $185.60.[13]

In *Baker v. Bowen*,[14] the Fifth Circuit expressly rejected the argument that increases in the EAJA must precisely track any increase in the cost of living. The court noted that "while the statute

---

[10] *Id.*

[11] 28 U.S.C. § 2412(d)(2)(A)(ii).

[12] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests district court with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[13] Rec. Doc. 21 at p. 1.

[14] *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988).

clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it."[15] Rather, the Fifth Circuit characterized the EAJA rate adjusted for cost of living as the *maximum* allowed by the statute: "By permitting cost-of-living increases, Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981."[16]

The pay rate of $160 per hour, as suggested by the Government, is consistent with recent decisions in this district concerning the reasonable hourly rate for attorneys' fees under the EAJA.[17] Since Plaintiff has failed to justify a higher rate, the Court finds that $160 per hour is a reasonable rate for attorneys' fees in this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Attorneys Fees Under the Equal Access to Justice Act"[18] is **GRANTED IN PART AND DENIED IN PART** and that Plaintiff is awarded attorneys' fees in the amount of $5,568, representing 34.8 hours of time at a rate of $160.00 per hour.

**NEW ORLEANS, LOUISIANA**, on this  24th   day of March, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Id.* at 1084 (emphasis in original).

[16] *Id.* at 1084 (When *Baker* was decided, the applicable EAJA rate was $75 per hour based on a 1981 statute.); *see also Robeaux v. Social Sec. Admin.*, No. 12-2093, 2013 WL 6174489, *2 (E.D. La. Nov. 21, 2013) (Zainey, J.) ("[A]bsent other circumstances, the original $125 per hour in the EAJA reflected the *maximum* rate that could be awarded under the statute. Thus, the CPI adjusted rate of $183 contemplates the maximum rate that could be awarded today, rather than the adjusted rate necessarily applicable to this market.").

[17] *See, e.g., Robeaux*, 2013 WL 6174489 at *2 ("[T]he Court finds that $160 per hour is a reasonable rate . . . ."); *Grant ex rel. C.P. v. Colvin*, No. 12-1306, 2013 WL 4508161, at *2 (E.D. La. Aug. 22, 2013) (Lemmon, J.) ("[T]he court finds that $160 per four is a reasonable rate . . ."); *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) (Africk, J.) ("[T]he Court is inclined to implement an hourly rate of $160 per hour . . . .").

[18] Rec. Doc. 16.